**David D. VanSpeybroeck, OSB No. 954440**
dvanspeybroeck@sussmanshank.com
**Darin Honn, OSB No. 882279**
darin@sussmanshank.com
**Clifford S. Davidson, OSB No. 125378**
cdavidson@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
Attorneys for Plaintiff Bob's Red Mill Natural Foods, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **BOB'S RED MILL NATURAL FOODS, INC.**, | Case No. 3:12-CV-02194-PK |
| Plaintiff, | **BOB'S RED MILL NATURAL FOODS, INC. MOTION FOR SUMMARY JUDGMENT REGARDING ABSENCE OF CONTRACT BETWEEN PARTIES** |
| v. | |
| **EXCEL TRADE LLC**, | |
| Defendant. | **ORAL ARGUMENT REQUESTED** |
| **AND RELATED COUNTERCLAIM** | |

### L.R. 7.1 COMPLIANCE

Plaintiff Bob's Red Mill Natural Foods, Inc. ("BRM") hereby certifies that it has made a good faith effort to confer with Defendant Excel Trade LLC through a telephone conversation between counsel for the respective parties on October 31, 2013, but could not resolve the issues that are the subject of this Motion.

Page 1 – BOB'S RED MILL'S MOTION FOR SUMMARY JUDGMENT

## STATEMENT OF UNDISPUTED FACTS

This case seeks a declaratory judgment that Plaintiff owes no money to Defendant pursuant to a written Commission Agreement. Defendant's counterclaim seeks damages based on an alleged breach of contract. Based on very recent discovery, Plaintiff has recently learned there is no contract between Plaintiff and Defendant.

On November 18, 2004, BRM entered into a Commission Agreement with Sally Cox ("Cox"), doing business as Excel Trade Limited. Declaration of Robert Agnew ("Agnew Decl."), ¶ 2. The Commission Agreement between Cox and BRM provided that Cox was to manage BRM's international accounts in exchange for a 5% commission on the accounts managed. *See* Declaration of David VanSpeybroeck ("VanSpeybroeck Decl."), Ex. A. Excel Trade LLC is not a party to the Commission Agreement.

Pursuant to the Commission Agreement, BRM was originally conducting business with Cox, an individual doing business as Excel Trade Limited. Agnew Decl., ¶ 2; VanSpeybroeck Decl., ¶ 3. Six months after the date of the Commission Agreement, Ms. Cox organized Excel Trade LLC in Washington on April 28, 2005. VanSpeybroeck Decl., ¶ 8. Until this lawsuit was filed, BRM through Robert Agnew, its Vice President of Sales, who was a primary contact with Cox, did not realize that Cox had created a limited liability company to conduct business. Agnew Decl., ¶ 3. Robert Agnew did not know that Excel Trade LLC had begun performing international management services for BRM from on or about April 28, 2005 until the end of November, 2012. Agnew Decl., ¶ 4. Cox testified at her deposition on or about October 24 and 25, 2013 that she began doing business with BRM under Excel Trade LLC after such entity was created. VanSpeybroeck Decl., Ex. A.

Page 2 – BOB'S RED MILL'S MOTION FOR SUMMARY JUDGMENT

BRM had no notice of any assignment of the Commission Agreement during the course of its business dealings with Cox and/or Excel Trade LLC. Agnew Decl., ¶ 5. BRM did not consent to any assignment of the Commission Agreement from Cox to Excel Trade LLC. Id. Pursuant to the Washington Department of Revenue website, the business name "Excel Trade LTD" was registered to Cox from 06/01/1992 until 06/30/2006, with a UBI number of 601391869. VanSpeybroeck Decl., ¶ 7. The entity designation pursuant to the Washington Department of Revenue website for this registration is as "sole proprietor." Id. The Washington Department of Revenue website shows that the business name "Excel Trade LTD" is registered to Excel Trade LLC. Excel Trade LLC, doing business as Excel Trade LTD, has a UBI number of 602499752. VanSpeybroeck Decl., ¶ 8. BRM terminated the Commission Agreement with Cox on or about November 30, 2012. After that termination, Excel Trade LLC stopped managing BRM's accounts.

## STANDARD OF REVIEW ON MOTIONS FOR SUMMARY JUDGMENT

The Court should grant summary judgment if BRM "shows that there is no genuine dispute as to any material fact and…is entitled to judgment [on the issue] as a matter of law." Fed. R. Civ. Prov. 56(a). A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). Materiality of facts in this case is determined by Oregon law – the substantive law governing the claims and defenses. *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

BRM bears the initial burden to demonstrate the absence of any genuine issue of material fact. If BRM satisfies this burden, then the burden shifts to Excel Trade LLC to demonstrate, through the production of probative evidence, that there remains an issue

Page 3 – BOB'S RED MILL'S MOTION FOR SUMMARY JUDGMENT

of fact to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2538 (1986). The Court views the evidence in the light most favorable to the LLC. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). If the record taken as a whole could not lead a rational trier of fact to find for the LLC, then there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986). The LLC must present specific facts to make such a showing. *Fed, Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927-28 (9th Cir. 2009); *Precision Seed Cleaners v. Country Mut. Ins. Co.*, No. 3:10-cv-01023-HZ, 2013 U.S. Dist. LEXIS 33116, *3-*4 (D. Or. March 11, 2013) ("The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial.").

## ARGUMENT

BRM learned for the first time in Cox's deposition on October 24 and 25, 2013, and in follow up review of Washington Corporations Division and Washington Department of Revenue records, that on or about April 28, 2005, Cox unilaterally terminated her business relationship with BRM and a newly created Washington limited liability company, Excel Trade LLC, began providing international account management services to BRM.

Cox terminated the "Excel Trade LTD" business name filing (UBI number 601391869) with the Washington Department of Revenue on June 30, 2006. Washington Department of Revenue records indicate that Excel Trade LLC (UBI number 60299752) was registered April 28, 2005 and it presently does business under the business name "Excel Trade LTD".

BRM: (1) had no notice of Cox's creation of the new limited liability company; (2) has no knowledge or evidence of any assignment of the Commission Agreement to Excel Trade LLC; and (3) did not consent to any such assignment of the Commission

Page 4 – BOB'S RED MILL'S MOTION FOR SUMMARY JUDGMENT

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Agreement to Excel Trade LLC. Cox testified in her deposition that she did not know whether she had assigned the Commission Agreement to Excel Trade LLC. See VanSpeybroeck Decl., Ex. A.

When BRM counsel filed the initial complaint, it did not realize that Excel Trade LLC was not an entity at the time that the Commission Agreement was entered into between BRM and Cox. It was not until Cox's deposition on October 24 and 25, 2013 that BRM realized that Cox had created a new entity and unilaterally terminated her business relationship with BRM. Cox then created a new business relationship, with no contract, between BRM and Excel Trade LLC. BRM will seek to amend its initial complaint to reflect the true facts and circumstances. Defendant's Answer also is in error as it admitted that Excel Trade LLC was the entity that entered into the Commission Agreement with BRM. See Defendant's Answer, ¶ 7. This admission is obviously in error, as Excel Trade LLC was not created until approximately six months after the Commission Agreement was executed between BRM and Cox.

BRM believes that the Commission Agreement was never assigned from Cox to Excel Trade LLC. BRM never assented to any assignment of the Commission Agreement. In general, Oregon law allows assignment of contracts, with restrictions on assignment in many circumstances. *Folquet v. Woodburn Public Schools*, 146 Ore. 339, 341-342, 29 P.2d 554 (1934). In this case, at the time of the Commission Agreement, Cox testified in her deposition that she was the only employee of her company, Excel Trade Limited ("sole proprietorship"). VanSpeybroeck Decl., ¶ 7. BRM specifically hired Cox for her expertise in international account management services. The Commission Agreement is for export management services. Agnew Decl., Ex. A. Oregon courts have held that where a contract involves the parties' "personal trust and confidence," the contract is a personal services contract and cannot be assigned. *Id.* at 344. The Commission Agreement between BRM and Cox is a personal services

Page 5 – BOB'S RED MILL'S MOTION FOR SUMMARY JUDGMENT

contract pursuant to Oregon law. *Id*. Under Oregon law, personal service contracts are not assignable without consent of the other party(ies) who would benefit from the service. *Meyer v. Livesley*, 45 Ore. 487 (1904). Additionally, Oregon law places the burden of proving any assignment of contract on the assigning party. *Harlow v. Oregonian Publishing Company*, 53 Or 272, 276-278, 100 P 7 (1909) *also see: Emerald Christmas Tree Co. v. Bedortha*, 66 Ore. App. 425, 428, 674 P.2d 76 (1984).

BRM learned in Cox's deposition that once she created Excel Trade LLC, Excel Trade LLC began providing international management services to BRM. VanSpeybroeck Decl., ¶ 6. BRM expects that pending discovery will show that revenues derived from services it received from BRM were placed in Excel Trade LLC's bank accounts and were recorded on Excel Trade LLC's tax records and returns. Even if the contract is not a personal services contract, it has not been assigned. Therefore, any accounts which were managed by Excel Trade LLC have not been managed pursuant to the Commission Agreement. Management of such accounts by Excel Trade LLC without a contract is terminable "at will". *Kalamath Off-Project Water Users, Inc. v. PacifiCorp.*, 237 Or. App. 434, 441, 240 P.3d 94 (2010). BRM terminated the Commission Agreement with Cox, effective November 30, 2012. Excel Trade LLC suspended its account management services to BRM on or about November 30, 2012.

## CONCLUSION

BRM is entitled to declaratory judgment based upon this summary judgment motion that it does not owe money to Excel Trade LLC on the Commission Agreement because Excel Trade LLC is not a party to the Commission Agreement. Similarly, BRM is entitled to summary judgment on the breach of contract counterclaim filed by Excel Trade LLC because Excel Trade LLC is not a party to any agreement with BRM, including the Commission Agreement.

Page 6 – BOB'S RED MILL'S MOTION FOR SUMMARY JUDGMENT

Dated this 31st day of October, 2013.

        SUSSMAN SHANK LLP

        By /S David D. VanSpeybroeck
          David D. VanSpeybroeck, OSB No. 95440
          Darin D. Honn, OSB No. 882279
          Attorneys for Plaintiff Bob's Red Mill Natural Foods, Inc.

*17461-018/BOB'S RED MILL MSJ 2 (01733367);1

Page 7 – BOB'S RED MILL'S MOTION FOR SUMMARY JUDGMENT